## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEVIN TAYLOR,<br>Plaintiff, | : | NO. 1:24-CV-01938 |
| | : | |
| | : | (CAMONI, M.J.) |
| v. | : | |
| | : | |
| ANDREW BOBBY, *et al.*,<br>Defendants. | : | |
| | : | |

## MEMORANDUM OPINION

After police officers removed Plaintiff Devin Taylor from a borough council meeting in New Freedom, Pennsylvania, Taylor sued the Defendants, comprising various council members, solicitors, police officers, the regional police department, and the New Freedom borough, under 42 U.S.C. § 1983, alleging violations of his civil rights. Amended Complaint, doc. 24 at 1-5. Before the Court is the Defendants' motion to dismiss (doc. 33) Taylor's Amended Complaint (doc. 24). Because Taylor fails to state a claim upon which relief may be granted, the Court will grant the Defendants' motion to dismiss.

## I.    BACKGROUND

In considering this motion to dismiss, the Court accepts all factual allegations in the Amended Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

## A.    Factual background

Throughout 2024, Taylor regularly attended New Freedom's borough council meetings. Doc. 24 at 10. As alleged, Taylor's attendance at three of those meetings involved police intervention. *Id.*

First, since May 13, 2024, Taylor experienced "significant difficulty in participating in these borough meetings." *Id.* at 9. Second, on September 9, 2024, as Taylor was leaving from the meeting, Defendant David Reisdorf, a council member, confronted and harassed Taylor, and the Southern Regional Police Department (SRPD) responded. *Id.* at 8. Third, on October 21, 2024, a majority of the borough's council members voted to remove Taylor during a meeting. *Id.* at 6. Attorneys for the borough were also present, but did not act or provide "adequate solutions or relief," for Taylor. *Id.* at 7. Following the vote, SRPD officers "forcibly removed" Taylor from the meeting. *Id.* at 8.

After these events, SRPD officers conducted a "welfare check" on Taylor and his son. *Id.* at 8. And the borough council meetings became a hostile environment for Taylor because the Defendants' friends and family began to attend them. *Id.* at 10-11.

### B.    Procedural history

On November 12, 2024, Taylor, proceeding *pro se*, lodged a complaint against the Defendants and filed a motion for leave to proceed *in forma pauperis*. Docs. 1-2. Following the grant of IFP and service of summons, the Defendants' moved to dismiss (doc. 16), and Taylor filed the operative Amended Complaint. Doc. 24. Taylor alleges violations to his constitutional rights under the First, Fourth, and Fourteenth Amendments. *Id.* at 5. Additionally, Taylor sues under 5 U.S.C. § 552b,[1] the Sunshine Act, and the Pennsylvania state equivalent, 65 Pa. C.S. chapter 7. *Id.*

The Defendants filed a motion to dismiss the Amended Complaint. Doc. 32. All parties have had the opportunity to brief the issues, and the time for filing briefs has passed, so all motions are ripe for resolution.

---

[1] The Sunshine Act "mandates that *federal agencies* hold their meetings in public." *FCC v. ITT World Commc'ns., Inc.*, 466 U.S. 463, 464 (1984) (emphasis added), citing 5 U.S.C. § 552b. Because the Defendants are not federal agencies but are a municipality, local police department, and their employees (doc. 24 at 2-5), the Sunshine Act does not create a cause of action for Taylor. *See Proffitt v. Davis*, 707 F. Supp. 182, 188 (E.D. Pa. 1989) ("Since 'agency' under the Sunshine Act is defined in terms of the FOIA, state agencies are, *a fortiori*, not included."); *Viola v. U.S. Dep't of Justice*, 157 F.4th 524, 534-35 (explaining that extending FOIA to units of state and local government would blur federalism principles).

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Doc. 14.

## II.    LEGAL STANDARD

The Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). On a Rule 12(b)(6) motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation modified).

A district court must conduct a three-step analysis when considering the sufficiency of a complaint under Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and

"construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 555. Third, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211, quoting *Iqbal*, 556 U.S. at 679. A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210, quoting *Iqbal*, 556 U.S. at 678. On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A complaint filed by a *pro se* litigant is to be liberally construed and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d

239, 245 (3d Cir. 2013). Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Even a *pro se* complaint must recite factual allegations that are enough to raise the Plaintiff's claimed right to relief beyond the level of mere speculation.

## III.  DISCUSSION

The Court will grant the Defendants' motion to dismiss because Taylor has not alleged sufficient facts to raise plausible constitutional claims under 42 U.S.C. § 1983. Taylor's claims stem from his removal from the borough council meeting on October 21, 2024. Doc. 24 at 5. But even under a liberal construction, the Amended Complaint fails because it provides few facts as to which of the Defendants did what, and how those actions caused any injury to Taylor.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 does not itself create any substantive rights; it simply provides a cause of action that allows the plaintiff to vindicate rights that have

already been secured. *See, e.g., Gonzaga Univ. v. Does*, 536 U.S. 273, 285 (2002). Moreover, because a "defendant in a civil rights action must have personal involvement in the alleged wrongs," a plaintiff must allege specific factual allegations as to each defendant he names in his action. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Here, Taylor has failed to allege what substantive right secured by the Constitution has been violated, and which Defendants did what to violate those rights.

For instance, Taylor alleges that the council members voted by a majority to remove Taylor from the council meeting. Doc. 24 at 6. But Taylor fails to allege why or how the removal came about and what right secured by the First Amendment the council members violated through his removal. Taylor also alleges that the police officers carried out the council members' vote and "forcibly removed" him. *Id.* at 8. But that allegation alone is insufficient to raise a Fourth Amendment claim as the Court cannot determine whether or how an illegal search or seizure occurred.

To his credit, Taylor is proceeding *pro se* and raises additional facts in his opposition brief. Pl.'s Br., doc. 37 at 2-5. To decide a motion to dismiss, however, the Court is limited to considering the factual

allegations contained in the pleading. *Frederico v. Home Depot*, 507 F.3d 188, 201 (3d Cir. 2007) ("we do not consider after-the-fact allegations in determining the sufficiency of [a] complaint under . . . 12(b)(6)."). "It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Commw. of Pa. ex. rel Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). Because the Amended Complaint fails to state a plausible claim, it must be dismissed.

The Defendants argue that it would be futile for Taylor to amend once more. Defs.' Br., doc. 33 at 18.[2] Not necessarily. Because Taylor has only amended his *pro se* complaint once as a matter of course, and the Court finds no inequity or futility, the Court will grant Taylor leave to file a second amended complaint.[3] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (noting that courts should freely grant leave to amend the complaint when justice so requires "unless it would be inequitable or futile.").

---

[2] The Defendants fail to provide any explanation as to why amendment would be futile. *See* Doc. 33 at 18.

[3] Although Taylor sought leave to amend his original complaint (doc. 21), the Court found that he was entitled to amend once as a matter of course under the Federal Rules. May 2, 2025, Order, doc. 23 at 2, citing Fed. R. Civ. P. 15.

Accordingly, the Defendants' motion to dismiss will be granted, and the Amended Complaint will be dismissed without prejudice. An appropriate order follows.


Date: February 20, 2026                    s/ *Sean A. Camoni*
                                           Sean A. Camoni
                                           United States Magistrate Judge